IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| PETHROD DUNNIGAN, | ) |
| | ) |
| Plaintiff | ) 1:23-CV-00028-RAL |
| | ) |
| vs. | ) RICHARD A. LANZILLO |
| | ) CHIEF UNITED STATES MAGISTRATE |
| WARDEN HUTCHISON, CAPTAIN | ) JUDGE |
| TORRES, C.O. WEST, C.O., UNKNOWN | ) |
| ROGUE AGENTS | ) MEMORANDUM OPINION ON |
| | ) DEFENDANTS' MOTION TO DISMISS |
| Defendants | ) |
| | ) IN RE: ECF NO. 13 |
| | ) |

Plaintiff Pethrod Dunnigan ("Dunnigan"), an inmate in the custody of the federal Bureau of Prisons (BOP), brings this *Bivens*[1] action alleging that Defendants Warden Hutchison, Captain Torres, Corrections Officer West and "unknown corrections agents" violated his constitutional rights based on the confiscation of his personal property and prison conditions at the Federal Correctional Institution at McKean, Pennsylvania ("FCI-McKean"), where he was previously confined.[2] *See* ECF No. 8, pp. 2-3. *See* ECF No. 18, p.1. Defendants have moved to dismiss Dunnigan's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that (1) Dunnigan failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e; (2) the Complaint fails to allege the personal involvement of any Defendant in actionable conduct; (3) no private right of action under *Bivens* is implied for the conditions of

---

[1] Using the form complaint, Dunnigan checked the box to indicate he was bringing this claim pursuant to 42 U.S.C. § 1983. However, because the Defendants are federal officials, Dunnigan's claims are presumed to be brough under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Where judicially recognized, a "*Bivens* action" permits individuals to seek damages for unconstitutional conduct by federal officials. *See, e.g., Dennis v. Jenson*, 2013 WL 2245144 (M.D. Pa. May 20, 2013).

[2] Dunnigan is currently incarcerated at the Elkton Federal Correctional Institution in Lisbon, Ohio.

confinement claim asserted by Dunnigan, and (4) even if Dunnigan's claim supported an implied right of action, his allegations fail to support an Eighth Amendment violation. ECF No. 13. The motion has been fully briefed and is ready for decision. *See* ECF Nos. 14, 18. For the following reasons, the Defendants' motion will be **GRANTED**.[3]

I.     Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion, the court must accept as true the Complaint's factual allegations and view them in the light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins,* 281 F.3d 383, 388 (3d Cir. 2002). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering the motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Liti*g., 114 F.3d 1410, 1426 (3d Cir.1997)).

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint should only be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957)).

---

[3] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

confinement claim asserted by Dunnigan, and (4) even if Dunnigan's claim supported an implied right of action, his allegations fail to support an Eighth Amendment violation. ECF No. 13. The motion has been fully briefed and is ready for decision. *See* ECF Nos. 14, 18. For the following reasons, the Defendants' motion will be **GRANTED**.[3]

I.     Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion, the court must accept as true the Complaint's factual allegations and view them in the light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins,* 281 F.3d 383, 388 (3d Cir. 2002). The "court[] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering the motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Liti*g., 114 F.3d 1410, 1426 (3d Cir.1997)).

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint should only be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957)).

---

[3] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

While a complaint need not include detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as explained in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Put another way, while the Court must accept the factual allegations of the complaint as true, it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Finally, because Dunnigan is proceeding *pro se*, his complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a pro se litigant's pleadings to state a claim upon which relief could be granted, it will do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969).

II. Allegations of the Complaint

The following factual allegations of the Complaint are accepted as true for purposes of Defendants' motion to dismiss.

At 8:30 pm on March 20, 2022, Unit CB at FCI-McKean began to be locked down. ECF No. 8, p. 5. Thereafter, "staff refused to issue showers and toiletries after 72 hours," resulting in inmates being without necessities such as toilet paper and forcing inmates to use articles of clothing as a substitute. *Id.* A unit officer commented, "they don't give a f---." *Id.* Unnamed individual took inmates' "personal property, calling it contraband and throwing things in trash without following policy." *Id.* Dunnigan asserts that the confiscation of his property violated his rights under the Fourth Amendment. *Id.* As relief, Dunnigan requests compensatory damages for his lost property and the issuance of a reprimand to the officers involved in the confiscation of his property. *Id.* The Court also construes Dunnigan's allegations that he was deprived of access to a shower and to "toiletries" as asserting a conditions-of-confinement claim under the Eighth Amendment.[4] *Id. See, e.g., Young v. PA Dep't of Corr.*, 2023 WL 8438810, at *3 (W.D. Pa. Oct. 10, 2023), *report and recommendation adopted*, 2023 WL 7271339 (W.D. Pa. Nov. 3, 2023), *vacated* (Nov. 9, 2023), *and report and recommendation adopted*, 2023 WL 8798127 (W.D. Pa. Dec. 20, 2023). Dunnigan also attached several documents to his Complaint that appear to be BOP grievance records and correspondence. *See* ECF Nos. 8-1.

ECF No. 18. He argues that "the Warden" and "the Captain" did not follow BOP policy or practice in confiscating his property because they failed to prepare "written documents describing the items lost, destroyed and the reasons for his action." *Id.*, p. 2. He also faults the Warden for failing to provide "those articles necessary for maintaining personal hygiene." *Id.*, p. 3.

---

[4] Dunnigan's response in opposition to the motion to dismiss makes mention of his due process rights under the Fourteenth Amendment. *See, e.g.*, ECF No. 18, 2. This claim, however, is not developed beyond its passing mention and the Court will not construe Dunnigan to have raised such a claim in his Complaint.

4

B. Dunnigan's Complaint will be dismissed because it fails to support any claim authorized under *Bivens* or its progeny.

Defendants next argue that Dunnigan's constitutional claims must be dismissed because *Bivens* and its progeny do not recognize a private right of action for these claims and extending the *Bivens* remedy to these claims would be contrary to case law. Defendants are correct on both points. While 42 U.S.C. § 1983 authorizes civil actions against state actors for violations of constitutional rights, Congress has enacted no corresponding statutory authorization for such actions against federal government actors. *See Pauley on behalf of Asatru/Odinist Faith Cmty. v. Samuels*, 2019 WL 4600195, at *5 (W.D. Pa. Sept. 23, 2019) (citing *Karkalas v. Marks*, 2019 WL 3492232, *6 (E.D. Pa. July 31, 2019)). In *Bivens*, however, the United States Supreme Court recognized an implied right of action for damages against federal officials who have violated a person's Fourth Amendment rights. *See Bivens*, 403 U.S. at 396. The Court found that this right of action was grounded in the Constitution itself rather than any express or implied statutory authorization to sue. *See id.* at 396-97.

The Supreme Court has twice extended a *Bivens* remedy: first, in *Davis v. Passman*, 442 U.S. 228 (1979), where it held that an administrative assistant fired by a congressman had a *Bivens* remedy for her Fifth Amendment gender discrimination claim, and, again, in *Carlson v. Green*, 446 U.S. 14 (1980), where the Court permitted a *Bivens* remedy against federal prison officials for failure to treat a prisoner's serious medical condition. The Supreme Court has declined to further extend *Bivens* since these decisions. Instead, the Court has expressly limited *Bivens* actions to contexts previously recognized. *See Corr. Srvs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (referring to *Bivens* as a "limited holding."). *See also Vanderklok v. United States*,

---

could not properly consider it or other evidentiary matters not attached to or relied upon in the Complaint. *See Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004), *abrogation on other grounds recognized by In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 3232 n.22 (3d Cir. 2010).

868 F.3d 189, 198 (3d Cir. 2017) (noting that "over the course of nearly four decades, the Supreme Court has repeatedly refused to recognize *Bivens* actions in any new contexts"). The Court confirmed the limited nature of the *Bivens* remedy in *Ziglar v. Abbasi*, stating that *Bivens*, *Davis* and *Carlson* are the "only instances in which the Court has approved of an implied damages remedy under the Constitution itself." 582 U.S. 120, 131, (2017). In *Ziglar*, the Supreme Court observed that *Bivens* was decided during an "ancien regime," in which "the Court assumed it to be a proper judicial function to 'provide such remedies as are necessary to make effective' a statute's purpose." *Id.* (citations omitted). Noting that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity," the Supreme Court instructed federal courts to exercise caution before extending the remedy to claims that are meaningfully different from "the three *Bivens* claims the Court has approved in the past...." *Id.* at 140. *See also Hasbajrami v. Glogau*, 2022 WL 4652337, at *6 (W.D. Pa. Sept. 9, 2022), *report and recommendation adopted*, 2022 WL 4609255 (W.D. Pa. Sept. 30, 2022), *appeal dismissed*, 2022 WL 19345364 (3d Cir. Dec. 1, 2022).

In *Ziglar*, the Supreme Court set forth a two-part test for determining whether a prospective *Bivens* claim may proceed. First, courts must ascertain whether the case presents a "new context." *Ziglar*, 582 U.S. at 138. If the case differs "in a meaningful way" from previous *Bivens* cases decided by the Supreme Court, "then the context is new." *Ziglar*, 582 U.S. at 139. The meaning of "new context" is "broad." *See Hernandez v. Mesa*, 589 U.S. ---, 140 S. Ct. 735, 743 (2020). Second, if the case presents a new context, the court must then consider whether "special factors" counsel against extending the *Bivens* remedy. *See Hernandez*, 140 S. Ct. at 743. This inquiry asks whether "the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Ziglar*, 582 U.S. at 136.

*See also Egbert v. Boule*, 596 U.S. 482 (2022). If a court concludes that "even a single reason" exists to pause "before applying *Bivens* in a new context or to a new class of defendants," then special factors counseling hesitation exist and a *Bivens* remedy does not lie. *Egbert*, 596 U.S. at 491-42. (quoting *Hernandez*, 140 S. Ct. at 743) (internal quotation marks omitted).

In *Egbert*, the Court again emphasized that recognizing a new *Bivens* cause of action is "a disfavored judicial activity." *Id.* (quoting *Abbasi*, 137 S. Ct. at 1857; *Hernandez*, 140 S. Ct. at 742-43). *Egbert* clarifies that the two-step process laid out in *Ziglar* "often resolve[s] to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.* In other words: if there is "any rational reason (even one) to think that Congress is better suited" to determine the propriety of a cause of action, then a *Bivens* action cannot proceed. *Id.* at 494-95. The court must broadly inquire whether "there is any reason to think that 'judicial intrusion' into a given field might be 'harmful' or 'inappropriate' "—and if the answer is "yes," or even potentially yes, the plaintiff cannot recover under *Bivens*. *Id.* (quoting *United States v. Stanley*, 483 U.S. 669, 681 (1987)). Mindful of *Egbert's* emphasis on the presence of special factors, the undersigned proceeds with *Ziglar's* two-step analysis.

Both Dunnigan's claims concerning his personal property and the Defendants' alleged failure to provide him a shower and toiletries are "conditions of confinement" claims under the Eighth Amendment. *See, e.g., Adderly v. Ferrier*, 419 Fed. Appx. 135, 140 (3d Cir. 2011) (holding that denial of access to clothing, toiletries, legal mail, a pillow, a mattress, and showers for seven days did not "constitute a denial of the 'minimal civilized measures of life's necessities'"). The Third Circuit and district courts in this Circuit have determined that no *Bivens* remedies extends to Eighth Amendment conditions of confinement claims. *See e.g.*,

8

*Mammana v. Barben*, 856 Fed Appx 411, 415 (3d Cir. 2021).  Therefore, the Court finds that each of Dunnigan's claims proposes to extend the *Bivens* remedy to a new context.

Having concluded that Dunnigan's claims propose extending *Bivens* to a new context, the Court must determine whether "there are any special factors that counsel hesitation" for such an extension.  *See Hernandez*, 140 S. Ct. at 743 (internal quotation marks and alterations omitted) (quotation omitted).  Such special factors counsel against extending the *Bivens* remedy to Dunnigan's claims in this case.  The Supreme Court has recognized that "when alternative methods of relief are available, a *Bivens* remedy usually is not." *Ziglar*, 582 U.S. at 145.  The alternative remedy need not "afford rights to participation or appeal," because a court should defer to congressional or executive choices in erecting a remedial process, rather than conduct its own independent assessment of government procedures.  *See Egbert*, 596 U.S. at 496-97.  "If there are alternative remedial structures in place, 'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" *Id.*, at 493 (citation omitted).  In this case, the BOP's administrative remedy program provided an alternative remedy for Dunnigan to pursue his claims.  *See Mack v. Yost*, 968 F.3d 311, 321 (3d 2020).  Although Dunnigan could not obtain money damages through the administrative remedy program, the fact that the alternative remedy "do[es] not provide complete relief" is immaterial. *Egbert*, 596 U.S. at 493.  "Rather, the court must ask only whether it, rather than the political branches, is better equipped to decide whether existing remedies 'should be augmented by the creation of a new judicial remedy.'" *Id.* (quoting *Bush v. Lucas*, 462 U.S. 367, 388 (1983)). Also, the Federal Tort Claims Act ("FTCA") is potentially available as a remedy for individuals who claim to have been injured by an employee of the federal government.  *See, e.g, Challenger v. Bassolino*, 2023 WL 4287204, at *10 (D.N.J. June 30, 2022); *McKinney v. United States*, 2021

WL 3856132, at *6-7 (D. Minn. Aug. 27, 2021) ("the FTCA provides a potential, alternative remedy for plaintiffs [to pursue tort claims against a probation officer] and weights against expansion of a *Bivens* remedy"). Having carefully considered this question, and mindful of the Supreme Court's direction that expanding the *Bivens* remedy to new contexts is a "disfavored judicial remedy," *Id.* at 1803 (citation omitted), the Court concludes that Congress is better equipped than the courts to determine the contours of a remedy for Dunnigan's claims.

IV.  Conclusion

Because *Bivens* does not provide an implied civil damages action for Dunnigan's conditions of confinement claims against the Defendants, the Defendants' motion to dismiss will be granted. Considering the Supreme Court's restriction on extending the *Bivens* remedy to new contexts, any attempt to amend the Complaint to cure its defects would be futile. Therefore, Dunnigan's Complaint will be dismissed with prejudice.

A separate Order of dismissal follows.

DATED this 29th day of January 2024.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE